UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMETRA SULTON, and
HEAVEN SULTON, a minor,

 Plaintiffs,

vs.                       Case No. 12-14642

STATE OF MICHIGAN CHILD PROTECTIVE
SERVICES,                   HON. AVERN COHN

 Defendant.
_____/

**ORDER
GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
AND
DISMISSING COMPLAINT**

I. Introduction

Plaintiff, Ametra Sulton, proceeding pro se, filed a complaint on behalf of herself and her daughter, Heaven Sulton, a minor. The complaint names the "State of Michigan Child Protective Services" as a defendant. Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status. For the reasons that follow, however, the complaint will be dismissed for lack of subject-matter jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2). As will be explained, plaintiffs have not set forth any claim over which this federal court can grant them relief.

II. Legal Standard

The screening procedures established by § 1915 apply to cases filed by non-prisoners and prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may


be granted, or seeks relief against a defendant who is immune from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

Finally, the Court has a duty to construe a pro se plaintiff's pleadings liberally, see, e.g., Erickson v. Pardus, 551 U.S. 89, (2007), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  While leave to amend pleadings is generally to be liberally given, see Foman v. Davis, 371 U.S. 178 (1962); Fed R. Civ. P. 15(a), this is not true when the Court reviews a complaint under § 1915(e).  See Hawkins v. Morse, 194 F.3d 1312, at *1 (6th Cir.1999) (table opinion) ("The Court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal."); McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

### III.  The complaint

The Court has read the complaint.  From what can be gleaned, plaintiff alleges that she and her daughter were wrongfully evicted from their apartment on October 11, 2012

and defendant wrongfully took her daughter into protective custody. Attached to the complaint is what appears to be a state court order entered on October 11 2012 which directed that plaintiff's daughter be placed in protective custody.

First, the complaint fails to reveals the basis for federal jurisdiction or the relief plaintiff seeks. As such, the complaint is subject to dismissal for lack of subject matter jurisdiction.

Moreover, to the extent plaintiff is challenging the order from the state court regarding protective custody, it is an attack on a state-court judgment which this Court lacks jurisdiction to review. Plaintiff must instead utilize the state-court appellate procedures. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

## V. Conclusion

For the reasons stated above, even under a liberal pleading standard, the complaint fails to set forth a viable claim against defendant. The complaint is therefore DISMISSED for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). It is also DISMISSED under 28 U.S.C. § 1915(e)(2). In light of this disposition, the Court certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: October 24, 2012          S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 24, 2012, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160